UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
PRIMITIVO ROBLES, on behalf of himself :
and all other similarly situated, :
: 24-CV-07508 (JAV) (RWL)
Plaintiff, :
: ORDER OF DISMISSAL
-v- :
:
BUDKOIN LLC, :
:
Defendant. :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff has not taken any action on the docket in this case since April 15, 2025. On August 28, 2025, Magistrate Judge Lehrburger issued an order for Plaintiff to show good cause in writing by September 8, 2025, why this case should not be dismissed for failure to prosecute. Plaintiff has not filed a response to this Order, nor has any other activity occurred on the docket since that date.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on

notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

In this case, Plaintiff was on notice after Magistrate Judge Lehrburger's August 28, 2025 Order, *see* ECF No. 16, that he needed to show cause in writing why this case should not be dismissed for failure to prosecute. Plaintiff did not file a response and did not comply with Magistrate Judge Lehrburger's August 28, 2025 Order to show cause. Dismissal of the case is therefore warranted.

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 16, 2025
   New York, New York

                    _____
                    JEANNETTE A. VARGAS
                    United States District Judge